# NO. 12-15-00266-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL LYNELL WHITE,* *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Michael Lynell White appeals his conviction for evading arrest in a vehicle. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify, and affirm as modified.

### BACKGROUND

Appellant was indicted for the offense of evading arrest in a vehicle.[1] The indictment also contained two enhancement paragraphs alleging that Appellant had two prior felony convictions. These enhancements invoked the habitual felony offender statute, which requires a twenty-five to ninety-nine year sentence of imprisonment.[2] Appellant made an open plea of "guilty," pleaded "true" to the first enhancement, but "not true" to the second enhancement. After a hearing, the trial court accepted Appellant's plea, but deferred a formal finding of guilt until the conclusion of the sentencing hearing. After the punishment hearing, the trial court

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West Supp. 2015).

[2] *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015).

found Appellant guilty of the offense, found that both of the enhancements were true, and sentenced Appellant to thirty years of imprisonment. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal. We have reviewed the record for reversible error and have found none.[3] *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We note, however, that the trial court's judgment incorrectly reflects that Appellant pleaded "true" to the second enhancement paragraph. We have authority to modify a judgment to speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref d). Therefore, the trial court's judgment should be modified to reflect that Appellant pleaded "not true" to the second enhancement paragraph of the indictment.

### CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We are in agreement with Appellant's counsel that the appeal is wholly frivolous, and *grant* his motion for leave to withdraw. We *modify* the trial court's judgment to reflect that Appellant pleaded "not true" to the second enhancement paragraph of the indictment, and *affirm* the judgment *as modified.* *See* TEX. R. APP. P. 43.2(b); *Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.).

---

[3] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that he had the right to file his own brief. Appellant was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 29, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 29, 2016

NO. 12-15-00266-CR

**MICHAEL LYNELL WHITE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1421330)

THIS CAUSE came on to be heard on the appellate record and the brief filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that Appellant pleaded "not true" to the second enhancement paragraph of the indictment; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*